**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel:    (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 119243

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mockingbird 38, LLC, a New York Limited Liability Company<br><br>                    Plaintiff,<br><br>        v.<br><br>Jay Web Media, a California Corporation<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiff Mockingbird 38, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant JAY WEB MEDIA ("*Defendant*") states and alleges as follows:

## **INTRODUCTION**

1.     This action seeks to recover damages for copyright infringement.

2.     Plaintiff herein provides entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications.

3.     Plaintiff has obtained U.S. copyright registrations covering many of

its photographs, and many others are the subject of pending copyright applications.

4.      Defendant owns and operates a website known as www.uberhumor.com (the "*Website*").

5.      Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6.      Mockingbird 38, LLC is a New York Limited Liability Company and maintains its principal place of business in Nassau County, New York.

7.      On information and belief, Defendant Jay Web Media, is a California Corporation with a principal place of business in Orange County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Jay Web Media because Jay Web Media maintains its principal place of business in California.

10.     Venue is proper under 28 U.S.C. §1391(a)(2) because JAY WEB MEDIA does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11.     Plaintiff is the legal and rightful owners of photographs which it licenses to online and print publications.

PLAINTIFF'S COMPLAINT

12.     Plaintiff has invested significant time and money in building its photograph portfolio.

13.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.     Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15.     Defendant is the registered owner of the Website and is responsible for its content.

16.     Defendant is the operator of the Website and is responsible for its content.

17.     The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

18.     The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

19.     On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 1") was authored.  A copy of Photograph 1 is attached collectively in Exhibit 1.

20.     Plaintiff acquired the rights and applied to the USCO to register Photograph 1 on December 22, 2019 under Application No. 1-8376160851.

21.     Photograph 1 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

22.     Plaintiff observed Photograph 1 on Defendant's domain

www.uberhumor.com on December 12, 2019.   A copy of Screengrab of Defendant's website including Photograph 1 is attached hereto collectively in Exhibit 2.

23.   A copy of Photograph 1 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

24.   On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 2") was authored.  A copy of Photograph 2 is attached collectively in Exhibit 1.

25.   Plaintiff acquired the rights and applied to the USCO to register Photograph 2 on December 22, 2019 under Application No. 1-8376160851.

26.   Photograph 2 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

27.   Plaintiff observed Photograph 2 on Defendant's domain www.uberhumor.com on January 30, 2020.   A copy of Screengrab of Defendant's website including Photograph 2 is attached hereto collectively in Exhibit 2.

28.   A copy of Photograph 2 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

29.   On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 3") was authored.  A copy of Photograph 3 is attached collectively in Exhibit 1.

30.   Plaintiff acquired the rights and applied to the USCO to register Photograph 3 on December 22, 2019 under Application No. 1-8376160851.

PLAINTIFF'S COMPLAINT

BARSHAY SANDERS, PLLC

31.    Photograph 3 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

32.    Plaintiff observed Photograph 3 on Defendant's domain www.uberhumor.com on January 30, 2020.   A copy of Screengrab of Defendant's website including Photograph 3 is attached hereto collectively in Exhibit 2.

33.    A copy of Photograph 3 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

34.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 4") was authored.  A copy of Photograph 4 is attached collectively in Exhibit 1.

35.    Plaintiff acquired the rights and applied to the USCO to register Photograph 4 on December 22, 2019 under Application No. 1-8376160851.

36.    Photograph 4 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

37.    Plaintiff observed Photograph 4 on Defendant's domain www.uberhumor.com on January 30, 2020.   A copy of Screengrab of Defendant's website including Photograph 4 is attached hereto collectively in Exhibit 2.

38.    A copy of Photograph 4 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

39.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 5") was authored.  A copy of Photograph 5 is attached collectively

in Exhibit 1.

40.    Plaintiff acquired the rights and applied to the USCO to register Photograph 5 on December 22, 2019 under Application No. 1-8376160851.

41.    Photograph 5 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

42.    Plaintiff observed Photograph 5 on Defendant's domain www.uberhumor.com on January 30, 2020.  A copy of Screengrab of Defendant's website including Photograph 5 is attached hereto collectively in Exhibit 2.

43.    A copy of Photograph 5 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

44.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 6") was authored.  A copy of Photograph 6 is attached collectively in Exhibit 1.

45.    Plaintiff acquired the rights and applied to the USCO to register Photograph 6 on December 22, 2019 under Application No. 1-8376160851.

46.    Photograph 6 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

47.    Plaintiff observed Photograph 6 on Defendant's domain www.uberhumor.com on January 30, 2020.  A copy of Screengrab of Defendant's website including Photograph 6 is attached hereto collectively in Exhibit 2.

48.    A copy of Photograph 6 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

49.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 7") was authored.  A copy of Photograph 7 is attached collectively in Exhibit 1.

50.    Plaintiff acquired the rights and applied to the USCO to register Photograph 7 on December 22, 2019 under Application No. 1-8376160851.

51.    Photograph 7 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

52.    Plaintiff observed Photograph 7 on Defendant's domain www.uberhumor.com on January 30, 2020.  A copy of Screengrab of Defendant's website including Photograph 7 is attached hereto collectively in Exhibit 2.

53.    A copy of Photograph 7 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

54.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 8") was authored.  A copy of Photograph 8 is attached collectively in Exhibit 1.

55.    Plaintiff acquired the rights and applied to the USCO to register Photograph 8 on December 22, 2019 under Application No. 1-8376160851.

56.    Photograph 8 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

57.    Plaintiff observed Photograph 8 on Defendant's domain www.uberhumor.com on January 30, 2020.  A copy of Screengrab of Defendant's website including Photograph 8 is attached hereto collectively in Exhibit 2.

PLAINTIFF'S COMPLAINT

58.   A copy of Photograph 8 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

59.   On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 9") was authored.  A copy of Photograph 9 is attached collectively in Exhibit 1.

60.   Plaintiff acquired the rights and applied to the USCO to register Photograph 9 on December 22, 2019 under Application No. 1-8376160851.

61.   Photograph 9 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

62.   Plaintiff observed Photograph 9 on Defendant's domain www.uberhumor.com on January 30, 2020.  A copy of Screengrab of Defendant's website including Photograph 9 is attached hereto collectively in Exhibit 2.

63.   A copy of Photograph 9 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

64.   On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 10") was authored.   A copy of Photograph 10 is attached collectively in Exhibit 1.

65.   Plaintiff acquired the rights and applied to the USCO to register Photograph 10 on December 22, 2019 under Application No. 1-8376160851.

66.   Photograph 10 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

67.   Plaintiff observed Photograph 10 on Defendant's domain

BARSHAY SANDERS, PLLC

www.uberhumor.com on January 30, 2020.    A copy of Screengrab of Defendant's website including Photograph 10 is attached hereto collectively in Exhibit 2.

68.    A copy of Photograph 10 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

69.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 11") was authored.    A copy of Photograph 11 is attached collectively in Exhibit 1.

70.    Plaintiff acquired the rights and applied to the USCO to register Photograph 11 on December 22, 2019 under Application No. 1-8376160851.

71.    Photograph 11 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

72.    Plaintiff observed Photograph 11 on Defendant's domain www.uberhumor.com on January 30, 2020.    A copy of Screengrab of Defendant's website including Photograph 11 is attached hereto collectively in Exhibit 2.

73.    A copy of Photograph 11 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

74.    On November 26, 2019 a photograph of Jeffrey Epstein being massaged on his private island and other never-published-before photographs. ("Photograph 12") was authored.    A copy of Photograph 12 is attached collectively in Exhibit 1.

75.    Plaintiff acquired the rights and applied to the USCO to register Photograph 12 on December 22, 2019 under Application No. 1-8376160851.

PLAINTIFF'S COMPLAINT

76.   Photograph 12 was registered by USCO on December 22, 2019 under Registration No. VA0002190731.

77.   Plaintiff observed Photograph 12 on Defendant's domain www.uberhumor.com on January 30, 2020.   A copy of Screengrab of Defendant's website including Photograph 12 is attached hereto collectively in Exhibit 2.

78.   A copy of Photograph 12 was stored and displayed on Defendant's domain www.uberhumor.com at the following URL: https://uberhumor.com/g-recently-released-photos-from-inside-jeffrey-epsteins-pedophile-island.

79.   Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

80.   On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

81.   Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

82.   Each Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

83.   On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying,

BARSHAY SANDERS, PLLC

posting, selecting, commenting on and displaying Plaintiff's Photographs.

84.     On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing moderators and administrators, as Defendant's agents (hereinafter collectively referred to as "Employees") who are each responsible for operating and controlling the activities on the Website.

85.     Defendant's act of designating Employees as moderators and/or administrators, regardless of their actual position or their nature of relationship with Defendant, as well as providing them with specific forum-related powers beyond that of a typical user, leads a "third party reasonably to believe the actor has authority to act on behalf of the Defendant."   Restatement (Third) of Agency, § 2.03 (2006); Columbia Pictures Industries, Inc. v. Fung, No. CV 06–5578(SVW), 2009 WL6355911 (C.D.Cal. Dec.21, 2009) *aff'd in part and modified*, 710 F.3d 1020 (9th Cir. 2013).

86.     On information and belief, at all material times the Employees were acting within the course and scope of their employment.

87.     On information and belief, at all material times the Employees were acting within the course and scope of their agency.

88.     On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

89.     On information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

90.     On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements

on the part of Defendant.

91.    On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

92.    On information and belief, the Photographs are readily identifiable as copyright protected as the vast majority of the photographs on the Website contain a copyright watermark on the image, thereby making their infringement willful as a matter of law.

93.    On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

94.    On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

95.    On information and belief, Defendant monitors the content on its Website.

96.    On information and belief, Defendant's Employees actively review, modify delete and/or "clean" postings and threads thereby having constructive notice of its contents.

97.    On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

98.    On information and belief, a large number of people has viewed the unlawful copies of the Photographs on the Website.

99.    On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

100.    As a result of Defendant's misconduct, Plaintiff has been

PLAINTIFF'S COMPLAINT

substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

101.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

102.    The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

103.    Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

104.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

105.    Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

106.    As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on

BARSHAY SANDERS, PLLC

Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

    a.    Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

    b.    a permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c.    Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.    Plaintiff's costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: January 4, 2021

**BARSHAY SANDERS, PLLC**

By:   _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel:  (516) 203-7600
Email: csanders@barshaysanders.com
_Attorneys for Plaintiff_
File No.: 119243

PLAINTIFF'S COMPLAINT